**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QINGHAI HUANG,

          Petitioner,

v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   18-70449

Agency No. A087-885-758

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2020[**]
Pasadena, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[***] Chief
District Judge.

    Qinghai Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' decision dismissing his appeal from the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

Immigration Judge's (IJ) order denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

Substantial evidence supports the IJ's adverse credibility determination. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). The IJ found Huang's credibility was undermined because he repeatedly changed his testimony. Huang first described Exhibit J as a diagnostic certificate showing that he had been sterilized on March 18, 2007. When Huang's attorney pointed out that the document was dated March 2, 2007, Huang then said the document was a notice to appear for the sterilization procedure on March 18, 2007. Separately, on direct examination by the IJ, Huang said his wife was out of town and hiding from authorities because his third child had been born, she did not arrive home until March 11, 2007, and thus the authorities did not become aware of the birth of his third child until March 11. This created a discrepancy about how Huang could have received a March 2 notice to appear for a sterilization procedure if authorities did not learn about the birth of his third child until March 11. When asked to explain this discrepancy on cross examination, Huang only testified his parents had

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

received the sterilization notice on March 2, 2007, not him. This answer was unresponsive to the government attorney's request that he clarify the discrepancy regarding how he could have received a notice to appear for a sterilization procedure on March 2, 2007, if the authorities did not become aware of the birth of his third child until March 11, 2007.

Huang then changed his testimony again and said the notice was given to him three to five months prior to the March 2007 sterilization procedure, in late 2006. This contradicted Huang's pre-hearing statements to the asylum officer that his wife obtained the diagnostic certificate because they were fighting and she wanted proof Huang was sterile. Huang then changed his account again and said he "volunteered" for the sterilization procedure in place of his wife because she had a cold.

The BIA agreed with the IJ that Huang's differing explanations undermined his credibility. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination."). Further, the BIA's determination that Huang was non-responsive to various questions at his removal proceeding was supported by substantial evidence. The BIA's denial of relief under CAT was also supported by substantial evidence. The record does not

compel the conclusion that Huang would more likely than not be subjected to torture if returned to China. 8 C.F.R. § 1208.16(c)(2); *see* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

In light of the agency's adverse credibility determination, Huang failed to meet his burden of establishing eligibility for asylum, withholding of removal, and protection under the CAT. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION DENIED.**